CHARLES H. MILLIKEN *vs.* CHARLES W. WALDRON.

Androscoggin.    Opinion December 19, 1896.

*Pleading.   Declaration.   Time.   Delivery.   Price.*

A special demurrer was filed in an action of assumpsit upon the following account annexed: "Mechanic Falls, Me., Nov. 15, 1895. To balance due on agreed price of letters patent and patent sales book-case $420. Amount of price $500. Credit by cash $35, and cash $45."

*Held;* that the declaration alleges a date upon which the contract in suit was made, and states a gross price for the two articles sold.

*Also;* that delivery and acceptance of the articles sold need not be alleged, for it is the agreed price of them that is sued for; and it may be that the articles were not to be delivered until the price was paid.

*Also;* that the articles are named as those for which a fixed price was agreed upon; and need not be further described or identified, since the agreement for their price gives the defendant sufficient notice of their identity.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*Geo. C. Wing,* for plaintiff.

*A. R. Savage and H. W. Oakes,* for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, JJ.

HASKELL, J.   Assumpsit upon the following account annexed: "Mechanic Falls, Me., Nov. 15, 1895. To balance due on agreed price of letters patent and patent sales book-case $420. Amount of price $500. Credit by cash $35, and by cash $45." Exception is taken to the overruling of a special demurrer to the same, for three causes in substance.

I.   Because the time when the contract was made is not alleged. But it is alleged, Nov. 15, 1895, when two sums of money owing from defendant were applied to the contract price then made.

II. Because two articles are named and the price of each is not stated. Perhaps there was no price for each. Both may have been sold for a gross sum.

III. Because the articles sold are not identified, and no delivery or acceptance is alleged. Delivery and acceptance need not be alleged, for it is an agreed price that is sued for, not articles sold and delivered. May be the articles were not to be delivered until the price should have been paid. The articles are named and identified as those for which defendant agreed to pay a fixed sum. If he did not agree to pay that sum he is not liable for it. If he did agree to pay it, he knows very well what the particular articles were. The suit is to recover an agreed price for chattels, not for the sale and delivery of chattels.

*Exceptions overruled.*